L. WEISCHADLE AND BETTY J. WEISCHADLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weischadle v. Commissioner
Docket No. 18114-85.
United States Tax Court
T.C. Memo 1988-47; 1988 Tax Ct. Memo LEXIS 41; 55 T.C.M. (CCH) 82; T.C.M. (RIA) 88047; February 11, 1988. L. Weischadle and Betty J. Weischadle, pro se. Steven L. Staker, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 1,929 in petitioners' Federal income taxes for 1983. The issues for decision are whether petitioners are entitled to a theft loss deduction of $ 9,073 and a "home office" deduction of $ 600. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated in our findings by this reference. *42 Petitioners were residents of California at the time they filed their petition. They were married for approximately 30 years, including the year in issue, but were divorced in 1985. In December 1980, petitioner Leroy Weischadle (petitioner) attended a stamp and coin show in Las Vegas, Nevada. A sample case containing various stamps was taken from his motel room on the evening of December 19, 1980. On December 20, upon discovery that the case was missing, he filed a report with the Las Vegas Metropolitan Police Department. In January 1981, petitioners' insurance company paid $ 670 to petitioners in relation to a theft claim filed by them. On their 1980 tax return, petitioners did not claim any deduction for a theft loss. On Schedule A to that return, however, in the space for reporting casualty losses, was a notation "Large Loss -- will deduct in 1981 ($ 25,000) LW." Petitioners did not deduct or refer to a theft loss on their 1981 return. On their return for 1982, petitioners attached a Form 4684 "Casualties and Thefts," reporting a total theft loss of $ 13,000 from the December 1980 theft. On Schedule A of their 1982 return, petitioners deducted $ 3,225 shown as "1/4 only" *43 and referring to the Form 4684. On their 1983 joint return, petitioners claimed a theft loss of $ 9,073, consisting of the same $ 13,000 item shown on their 1982 return, reduced by the $ 100 casualty loss "floor" and 10 percent of their adjusted gross income, or $ 3,827. On Schedule C of their 1983 tax return, petitioners reported income and expenses relating to an auto accessory business. Included among the deductions was $ 600 marked "rent on business property." The $ 600 represented petitioner's estimation of the reasonable rental value of an office in his home. OPINION Petitioners have the burden of proving that they are entitled to the deductions that they claim. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner testified that in December 1980 a brief case containing a valuable stamp collection was stolen from his motel room. Although he received partial reimbursement from his insurance company in 1981, the insurance company refused to pay for the philatelic value of the items. Petitioner offered in evidence various handwritten notations, which he did no explain and which do *44 not appear to substantiate the amount of loss claimed. Even assuming that petitioner incurred a theft in some determinable amount, however, it is apparent that he has no basis for claiming a theft loss in 1983, the only year before us. Section 165 [1] allows a deduction for loss from theft discovered during the taxable year to the extent that such loss exceeds $ 100 (subject to a 10 percent adjusted gross income limitation on casualty losses) and is not reimbursed by insurance or otherwise. To be allowable as a deduction under that section, the loss must be evidenced by a closed and completed transaction, fixed by an identifiable event, and actually sustained during the taxable year. Section 1.165-1(b), Income Tax Regs.
It is unclear from the evidence whether a reasonable prospect of recovery existed as of the end of 1980 with respect to the loss incurred in December of that year. Certainly there is no evidence that a reasonable prospect of recovery existed beyond 1981. There is no basis in fact or law for petitioners' claim of loss in 1983 arising out of a theft *45 occurring in 1980. It appears that petitioner attempted to choose the years in which the loss would secure the greatest tax benefit for him and to claim the amount that he could use to offset other income. Obviously he cannot prevail on this issue. Petitioner testified that he used a room in his home in relation to his employment as an outside salesman for TAB Products. The room was occasionally used for personal purposes. He deducted $ 600 as "rent" by determining that $ 50 a month was a reasonable amount for the use of the room. Petitioner also claimed that similar deductions had been allowed in earlier years. Section 280A establishes the general rule that no deduction is allowed with respect to business use of a residence. Petitioner may qualify for a deduction only by satisfying an exception to the general rule. Petitioner's testimony at trial, which was inconsistent with the claim made on his return for 1983, suggests that he is attempting to proceed under subsection (c)(1)(B) of section 280A. The exception set forth in that subsection, however, requires that the portion of the residence for which a deduction is claimed be "exclusively used on a regular basis * * * *46 as a place of business which is used by * * * clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business." The subsection continues: "In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer." Petitioner's testimony concerning personal use of the office negated the "exclusive use" requirement of section 280A(c)(1). He testified that clients or customers came to the office "Occasionally. Not often."; and he provided no evidence that the home office was for the convenience of his employer. There is neither evidence nor authority supporting his use of estimated fair rental value as a deductible amount. Whether similar deductions were allowed in other years is not relevant. Respondent's disallowance of the deduction must be sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the year in issue. ↩